UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
Norman Seck,
    Debtor.                                                              No. 7 - 05-21255 - SS

**MEMORANDUM OPINION ON ABANDONMENT**

     This case was filed as a voluntary Chapter 7 proceeding on October 12, 2005. Yvette J. Gonzales was appointed Trustee. The first meeting of creditors was conducted and concluded on December 6, 2005. Debtor's discharge entered on February 13, 2006. The Trustee filed her Trustee's Report of No Distribution and Notice of Abandonment of Assets ("Trustee's Report") on March 1, 2006. A review of the docket indicates that the Trustee did not previously abandon any individual assets of the estate. On March 2, 2006, the Court entered a Final Decree and closed the case.

     On March 15, 2006, creditor Thomas H. Lee filed a Motion to Reopen the case, alleging that it had been closed improvidently because ten days had not expired from the Trustee's Report to case closing; he claims that he wished to object to abandonment of an asset. A copy of the proposed objection to Trustee's Report was attached to the Motion to Reopen. In his Motion to Reopen he also alleges that before the Trustee's Report was filed, he had been in negotiations with the Trustee regarding the asset. No party alleges that the case was closed in error, or that the Trustee committed excusable neglect in filing the Trustee's Report.

The asset in question is a possible avoidance action disclosed by the Debtor on his Statement of Financial Affairs, at questions 4, 6, and 10. Debtor transferred a 30% interest in Mesa Finance of Taos, Inc. to Tommy A. Tafoya on August 30, 2005 to settle two pending lawsuits.

On March 21, 2006 the Court entered an Order Granting the Motion to Reopen the Case and the United States Trustee reappointed Yvette J. Gonzales as trustee. On May 22, 2006, the Trustee filed a "Withdrawal of Report of No Distribution," stating that there had been an objection to abandonment and that she has received an offer to purchase estate assets (presumably the avoidance action.) Also on May 22, 2006, the Debtor filed a Memorandum of Law concerning the issue of abandonment, arguing that the Trustee's Report acted as an abandonment of the avoidance action and that it cannot now be unabandoned. The Court requested briefs on the Debtor's standing to object. On September 2, 2006 creditors Thomas Lee and Mesa Financial of Taos filed a brief (doc 25), to which the Debtor responded on September 28, 2006 (doc 26).

This is a core proceeding concerning administration of the estate. 28 U.S.C. § 157(b)(2)(A).

Section 554, "Abandonment of property of the estate", provides as follows:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the

> estate or that is of inconsequential value and benefit to the estate.
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> (c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
> (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

Section 554 therefore contemplates abandonments occurring during the case (subsections 554(a) and (b)) and abandonment that occurs when the case is closed (subsection 554(c)).

The Section 341 Meeting notice filed in this case, which is standard for all District of New Mexico cases, states:

> <u>Abandonment</u>
> Unless a request for notice is filed and served upon the trustee by a party in interest within 15 days after the date of mailing of this notice, the trustee may abandon any property deemed burdensome or of inconsequential value to the estate without further notice.

This language allows a trustee to effect an abandonment under section 554(a) without notice and hearing if no requests were filed. In contrast, section 554(c) requires no notice or hearing; the abandonment happens as a matter of law when the case is closed. A review of the docket in this case shows that no creditor requested notice of abandonment.

Most cases rule that abandonment is irrevocable. See, e.g., Killebrew v. Brewer (In re Killebrew), 888 F.2d 1516, 1520 (5th Cir. 1989)("The notion of easily revocable abandonment is not in accord with case law on abandonment.")(citing cases.); Sherrell v. Fleet Bank of New York (In re Sherrell), 205 B.R. 20, 22 (Bankr. N.D. N.Y. 1997); 5 Lawrence P. King, Collier on Bankruptcy ¶ 554.02[3] at 554-6 (15th ed. Rev. 2006). Two exceptions to this general rule are 1) if debtors have concealed or failed to properly schedule assets, e.g., In re Suplinskas, 252 B.R. 293, 295 (Bankr. D. Conn. 2000)("There is no disagreement that an asset must be properly scheduled in order to pass to the debtor through abandonment under 11 U.S.C. § 544(c)."), or 2) if the abandonment occurred through trustee or court error and the facts are appropriate for Rule 60(b) relief, e.g., Woods v. Kenan (In re Woods), 173 F.3d 770, 778 (10th Cir.), cert. denied, 528 U.S. 878 (1999)("[W]e conclude that a strict irrevocability rule does not properly account for Fed.R.Bankr.P. 9024, which provides that Fed.R.Civ.P. applies, with minor modifications, to all bankruptcy cases.")(footnotes omitted.) See also Russell v. Tadlock (In re Tadlock), 338 B.R. 436, 439 (10th Cir. B.A.P. 2006)(Limiting Woods to its facts, i.e., an inadvertent closure of the case initiated by the Court's urging while a sale was pending, and recognizing general rule that abandonments are irrevocable.)

In this case, the Debtor did schedule the asset. The Trustee was aware of the asset, as evidenced by her negotiations with Lee before she filed the Trustee's Report. There is no suggestion in the record that the case was prematurely closed, or that the Trustee's Report was submitted with excusable neglect. Therefore, neither exception to the general rule that abandonments are irrevocable are present. The asset was abandoned intentionally and will remain so.

Thomas Lee and Mesa Financial of Taos raised the issue of the Debtor's standing to object to the reopening and attempted unabandonment. The Court finds that it need not address this issue because the situation implicates jurisdictional considerations that moot the issue of Debtor's standing.

Federal courts are courts of limited jurisdiction and before deciding any issue a federal court must determine if the case is properly within its subject matter jurisdiction. <u>Wynn v. AC Rochester</u>, 273 F.3d 153, 157 (2nd Cir. 2001). The parties cannot confer jurisdiction, and lack of jurisdiction is non-waivable. <u>Id.</u> Even if not raised by a party, the Court must determine jurisdiction on its own motion. <u>Dental Capital Leasing Corp. v. Martinez (In re Martinez)</u>, 721 F.2d 252, 264 (9th Cir. 1983). <u>See also</u> Bankruptcy Rule 7012(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the

Page -5-

Case 05-21255-s7    Doc 27    Filed 01/19/07    Entered 01/19/07 14:40:09 Page 5 of 7

action.")  In this case, the Court finds that it lost jurisdiction over the avoidance action when it was abandoned.

When property is abandoned, it is removed from the jurisdiction of the bankruptcy court.  <u>DeVore v. Marshack (In re DeVore)</u>, 223 B.R. 193, 200 (9th Cir. B.A.P. 1998); 5 Lawrence P. King, Collier on Bankruptcy ¶ 554.02[3] at 554-7 (15th ed. Rev. 2006).  <u>See also</u> <u>Brateman v. Brateman Bros., Inc. (In re Brateman Bros., Inc.)</u>, 135 B.R. 853, 856 (Bankr. N.D. Ind. 1991)(If a trustee abandons litigation, the court loses jurisdiction and must dismiss or remand.)  <u>Cf.</u> <u>Gardner v. United States (In re Gardner)</u>, 913 F.2d 1515, 1518 (10th Cir. 1990)("A bankruptcy court has jurisdiction over disputes regarding alleged property of the bankruptcy estate at the outset of the case.  When property leaves the bankruptcy estate, however, the bankruptcy court's jurisdiction typically lapses, and the property's relationship to the bankruptcy proceeding comes to an end.")(Citations omitted.)

In this case, when the Trustee abandoned the cause of action, this Court lost jurisdiction over the potential litigation.  There is no point in allowing Trustee to make any further efforts in pursuing liquidation of the asset.  Therefore, the Court will enter an Order re-closing this bankruptcy case.

_/s/ James S. Starzynski_
Honorable James S. Starzynski
United States Bankruptcy Judge

copies to:

Daniel J Behles
226-A Cynthia Loop NW
Albuquerque, NM 87114-1100

Stephen M Peterson
PO Box 2259
Ranchos de Taos, NM 87557-2259

Yvette Gonzales
Trustee
PO Box 1037
Placitas, NM 87043-1037

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

Steve Mazer
2501 Yale SE, 2nd Flr.
Albuquerque, NM 87106